

**IT IS ORDERED as set forth below:**

**Date: May 15, 2019**

_____
Paul W. Bonapfel
U.S. Bankruptcy Court Judge

---

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| IN RE:<br><br>2840 STONEBRIDGE TRAIL TRUST<br>a/k/a 2840 STONEBRIDGE TRAIL TRUST, LP,<br><br>Debtor. | CASE NO. 19-57212-PWB<br><br>CHAPTER 7 |

## ORDER

On May 6, 2019, the Clerk of the Bankruptcy Court received by mail the Debtor's petition for filing and a filing fee of $335. The petition is stamped filed on May 6, 2019, at 2:00 p.m. The petition is signed by Louis Lee as "General Partner-AIF." Attached to the

petition is a document that purports to grant a "general power of attorney" from C.A. Akua to Louis Lee.

On May 7, 2019, at 10:59 a.m., the day after the petition was filed, the Clerk received a letter dated May 6, 2019, from Mr. Lee stating, "We have enclosed the following Notarized documents that REQUESTS the return of the documents WITHOUT FILING them into the courts.  Further, We do NOT hold the clerks or courts responsible for returning the Voluntary Petition and not filing said petition per our request." [Doc. 2]. In particular, Mr. Lee requested the return of the $335 filing fee, the chapter 7 petition, the creditor list, and the power of attorney.[1]

Once the Clerk has received a petition for filing  - whether by electronic filing on the CM/ECF system, delivery to the intake counter, or by mail – the petition is filed.  The Clerk does not return documents, especially, as in this case, documents that have been filed, assigned a case number and now are part of the official records of the Court.

There may be instances where a case is filed in error or without the authority of the purported debtor.  But the solution for this problem is to file a motion in the case setting forth a factual and legal basis for why the case should be dismissed and, possibly, expunged. There are also instances where a debtor, for whatever reason, changes her mind about participating in the bankruptcy process and seeks dismissal of the case.  The solution to that problem, again, is the filing of a motion setting forth a factual and legal basis for doing so.

---

[1] The Debtor has filed this petition pro se.  Individual parties in federal court generally "may plead and conduct their own cases personally or by counsel." 28 U.S.C. § 1654.  But the Debtor is a trust (or possibly a limited partnership), not an individual. A trust or a limited partnership is an artificial entity and cannot represent itself in federal court; it must be represented by an attorney. *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381 (11th Cir. 1985).

The Clerk has procedures for handling and filing documents and must comply with them.  This is to protect the due process rights of all persons who come before the Bankruptcy Court. A letter requesting return of the petition and filing fee is not appropriate and the Clerk was correct not to return them.

**END OF ORDER**

**Distribution List**

2840 Stonebridge Trail Trust, LP
1720 Greyston Trace SE
Conyers, GA 30013

2840 Stonebridge Trail Trust, LP
2840 Stonebridge Trail
Conyers, GA 30094

2840 Stonebridge Trail Trust, LP
Attn: Louis Lee
1720 Greyston Trace SE
Conyers, GA 30013

2840 Stonebridge Trail Trust, LP
Attn: Louis Lee
2840 Stonebridge Trail
Conyers, GA 30094

C.A. Akua
1720 Greyston Trace SE
Conyers, GA 30013

Jason L. Pettie
P.O. Box 17936
Atlanta, GA 30316

Office of the United States Trustee
362 Richard Russell Building
75 Ted Turner Drive, SW
Atlanta, GA 30303